PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* NAZARIO LÓPEZ, Defendant and Appellant.

No. 3593. Argued December 20, 1928.—Decided December 24, 1928.

District Court of Ponce, Angel Acosta Quintero, Judge. Judgment of conviction for violation 'of section 50 of the Penal Code. *Reversed and a new trial granted.*

*Leopoldo Tormes* and *R. Hernández Matos* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Nazario López, alias The Baby, was charged with an attempt to commit arson and was sentenced to five years in the penitentiary upon the verdict of a jury finding the defendant guilty as charged in the information.

Section 284 of the Code of Criminal Procedure provides that—

"Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degree of the crime 'of which he is guilty."

Sections 404 and 405 of the Penal Code read as follows:

"Sec. 404. Arson is divided into two degrees.

"Sec. 405. Maliciously burning in the night-time an inhabited building in which there is at the time some human being, is arson in the first degree. All other kinds of arson are of the second degree."

By the terms of section 50 an attempt for which a penalty is not elsewhere provided is punishable in the following manner:

"1.—If the offense so attempted is punishable by imprisonment in the penitentiary for five years, or more, or by imprisonment in jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary, or in jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction of the offense so attempted.

"2.—If the offense so attempted is punishable by imprisonment in the penitentiary for any term less than five years, the person guilty of such attempt is punishable by imprisonment in jail for not more than one year."

Arson in the first degree is punishable by imprisonment in the penitentiary for not less than ten years, and arson

in the second degree by like imprisonment for not less than one nor more than ten years.

Since the date of the decision in *People* v. *Rivera, alias Panchito,* 7 P.R.R. 325, this court has uniformly reversed judgments in criminal cases wherein the verdict fails to specify the degree of a crime divided into degrees by our Penal Code.

The question now to be considered is whether or not the same rule should govern in the case of an attempt to commit such a crime when that attempt is of the kind referred to in section 50, *supra.* That section establishes a direct and close relationship between the penalty for an attempt and that for the offense itself. The punishment for an attempt to commit a crime of two or more degrees is made to depend upon the degree of the crime attempted.

As pointed out in *People* v. *Rivera, supra,* the requirement that a verdict shall specify the degree of the crime is designed for the benefit of the accused and should be fairly construed to that end.

It would seem to follow that in the case of an attempt to commit arson a verdict of guilty must specify the degree of arson attempted.

The judgment appealed from must be reversed and a new trial ordered.